

FILED
Mar 18, 2024
10:32 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **BRADLEY PAINTER,** | ) | **Docket Number: 2023-02-8127** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMERICAN MECHANICAL** | ) | |
| **CONTRACTORS INCORPORATED,** | ) | **State File Number: 60711-2023** |
| **Employer,** | ) | |
| **and** | ) | |
| **BUILDERS MUTUAL INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER
## DECISION ON THE RECORD

---

American Mechanical filed a Petition for Benefit Determination and a Motion to Stay Enforcement of Medical Director Order authorizing a right-shoulder surgery. The court stayed enforcement of that order to allow American Mechanical to take the deposition of Mr. Painter's authorized treating physician.

After the deposition, the parties agreed to a decision on the record. For the reasons below, the Court finds Mr. Painter is entitled to the right shoulder surgery.

### Claim History

Mr. Painter alleged an injury to his right shoulder on July 27, 2023, while working for American Mechanical. The authorized treating physician, Dr. Jeffrey France, ordered shoulder surgery on September 22. American Mechanical submitted the order for utilization review, and the reviewing physician did not certify the surgery. Dr. France appealed the denial to the Bureau's Medical Director, who approved the surgery on November 13.

1

On November 20, American Mechanical filed the petition and the Motion to Stay because it "dispute[d] causation and compensability of employee's right shoulder symptoms based on the MRI findings and contradicting physical examination performed by Dr. France."

American Mechanical later deposed Dr. France, during which he primarily related Mr. Painter's injury and need for right shoulder surgery to his work at American Mechanical.

## Findings of Fact and Conclusions of Law

Mr. Painter must prove he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2023); *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The issue is whether Mr. Painter is entitled to the surgery ordered for his right shoulder. American Mechanical must furnish Mr. Painter reasonable and necessary medical benefits from his work injury. Tenn. Code. Ann. § 50-6-204(a)(1)(A). Dr. France's right shoulder surgery recommendation is considered medically necessary under section 50-6-204(a)(3)(H), and American Mechanical has the burden of rebutting this presumption.

American Mechanical relied on the utilization review report, in which the doctor recommended physical therapy and injections instead of the surgery. However, Dr. France appealed the decision, and the Bureau's medical director approved the surgery. After the Court stayed the medical director's decision, the parties deposed Dr. France's, and he primarily related Mr. Painter's right-shoulder condition and the need for surgery to his work.

Dr. France confirmed that the injury and need for surgery is primarily related to Mr. Painter's work, so American Mechanical, by standing on the utilization review report alone, did not overcome the presumption that the surgery is medically necessary. Also, considering the facts and the law, Tennessee law generally concludes that the physician having greater contact with an injured employee has a more accurate opinion. *Bass v. Home Depot U.S.A., Inc*., 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at * 14 (May 26, 2017). Therefore, the Court finds Dr. France's opinion along with the medical director's opinion more persuasive than the utilization review physician's.

Thus, the Court holds Mr. Painter is likely to prevail at a hearing on the merits in proving his entitlement to the surgery Dr. France recommended.

**IT IS, THEREFORE ORDERED** as follows:

2

1. American Mechanical shall approve and provide the right shoulder surgery as ordered by Dr. France. American Mechanical shall inform Mr. Painter of the date of the surgery.

2. The parties shall appear for a Status Hearing on **April 24, 20024**, at **2:00 p.m.** Eastern. You must call 855-543-5044 to participate in the hearing. Failure to call in may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this order must occur no later than seven business days from the date of the entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). The insurer or self-insured employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

4. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**Entered March 18, 2024.**

/s/ Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Utilization Review report
2. Medical Director's decision
3. Causation opinion questionnaire by Dr. France
4. Occupational Medicine Clinic Visit
5. Medical Care Radiology
6. Watauga Orthopaedics
7. Deposition of Dr. Jeffrey France
8. Rule 72 Declaration of Stanley Arnold
9. Statement by Stanley Arnold
10. Photo (elevator)
11. Photo (scales)
12. Deposition of Bradley Painter

Technical Record:
1. Petition for Benefit Determination

2. Dispute Certification Notice
3. Request for Stay of Enforcement of Medical Director's Order
4. Order Granting Motion to Stay and Scheduling Expedited Hearing
5. Employer's Witness and Exhibit List
6. Employer's Expedited Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on March 18, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Daniel Minor, Employee's Attorney | | | X | dan@danielbminor.com maria@danielbminor.com |
| Jeffery Foster, Employer's Attorney | | | X | jfoster@morganakins.com jtallent@morganakins.com |
| Jaime Weatherly, Mediator | | | X | jaime.weatherly@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*